## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GREG DELLINGER and           )
JULIE DELLINGER,             )
                             )
            Plaintiffs,      )
                             )
vs.                          )        Case No. CIV-08-926-M
                             )
STATE FARM FIRE AND CASUALTY )
COMPANY, a foreign corporation, )
                             )
            Defendant.       )

## ORDER

Before the Court is plaintiffs' Motion to Remand, filed October 6, 2008.  On October 16, 2008, defendant filed its response, and on October 27, 2008, plaintiffs filed their reply.

On January 4, 2008, plaintiffs filed the instant action in the District Court of Oklahoma County, State of Oklahoma, alleging breach of the duty of good faith and fair dealing.  On September 3, 2008, defendant removed this action to this Court on the basis of diversity jurisdiction. Plaintiffs now move to remand this action back to state court.

Diversity jurisdiction exists if the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a).  In the case at bar, plaintiffs assert that the amount-in-controversy requirement has not been met.[1]

When a plaintiff files suit in federal court, the amount in controversy identified in the complaint is presumed to support federal jurisdiction.  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).  A different presumption applies, however, when the case is removed

---

[1]In their motion, plaintiffs also assert that defendant's notice of removal was untimely. Because this Court finds that the amount-in-controversy requirement has not been met, the Court will not address whether defendant's notice of removal was timely.

from state court.  *Id.*  In removed cases, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."  *Id.* (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997)).  "The burden is on the party requesting removal to set forth, in the notice of removal itself, the *underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]."  *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotations and citation omitted) (emphasis in original).

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Id.* at 873.  The requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice.  The italicized language requires at a minimum that the jurisdictional amount be shown by a preponderance of the evidence."  *Martin*, 251 F.3d at 1290 (internal quotations and citation omitted).

Having carefully reviewed the Petition and the Notice of Removal, the Court finds that the requisite jurisdictional amount is not "affirmatively established" by the allegations of either pleading.  In the Petition, plaintiffs pray for judgment against defendant "in an amount in excess of $10,000." Petition at 2.  In the Notice of Removal, defendant relies upon plaintiffs' unanswered Request for Admission Nos. 1 and 2, plaintiffs' request for punitive damages, and plaintiffs' entitlement to attorney's fees if awarded judgment against defendant to support its assertion that the requisite jurisdictional amount is met in this case.  Notice of Removal at ¶¶ 7, 9, 10.  Defendant, however, provides no specific facts to support this assertion.

On September 3, 2008, plaintiffs served the following requests for admission on defendant:

REQUEST FOR ADMISSION NO. 1: Please admit that Plaintiffs' bad faith claim has a value in excess of Seventy Five Thousand Dollars ($75,000.00).

REQUEST FOR ADMISSION NO. 2: Please admit that State Farm is in possession of evidence that supports a value in excess of Seventy Five Thousand Dollars ($75,000.00) for Plaintiffs' claim.

Defendant has not responded to these requests for admission. In its notice of removal, defendant asserts that the above requests for admission indicate plaintiffs' belief as to the value of this litigation and supports a finding that the jurisdictional amount is met in this case. The Court, however, finds that pure speculation as to what plaintiffs believed when submitting the above requests for admission to defendant is insufficient to satisfy defendant's burden of establishing the requisite amount in controversy by a preponderance of the evidence.

Defendant further relies upon plaintiffs' request for punitive damages to establish the amount in controversy. Such reliance is also misplaced. "[I]t is not enough to tell the Court that Plaintiff[] seek[s] punitive damages, Defendant must come forward with evidence showing the likely award if Plaintiff[] were to succeed in obtaining punitive damages." *Wilson v. Union Sec. Life Ins. Co.*, 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003) (collecting cases); *see also Flowers v. EZPawn Okla., Inc.*, 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004) (finding conclusory statement regarding punitive damages insufficient to meet burden of showing underlying facts supporting requisite jurisdictional amount). Defendant has not come forward with such evidence.

Finally, defendant relies upon plaintiffs' entitlement to attorney's fees if awarded judgment against defendant. Defendant, however, has set forth no evidence indicating any likely amount of attorney's fees that might be awarded.

Accordingly, based upon the above, the Court finds that defendant has failed to carry its burden of demonstrating the amount-in-controversy requirement for diversity jurisdiction has been satisfied in this case.  The Court, thus, finds that it does not have subject matter jurisdiction and that this action should be remanded back to state court.

The Court, therefore, GRANTS plaintiffs' Motion to Remand [docket no. 15] and REMANDS this action to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED this 4th day of November, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE